## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| [1] VENVER S.A., and | ) | |
| [2] AMERICAS COIL TUBING LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. Action No. CIV-18-790-SLP |
| | ) | |
| [1] GEFCO, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT GEFCO INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR FOR A MORE DEFINITE STATEMENT

Defendant, GEFCO, Inc., moves this Court to dismiss Plaintiffs Venver S.A. ("Venver") and Americas Coil Tubing LLC's ("ACT") Count 3 claim for fraud/deceit, or for a more definite statement, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(e).

### Procedural Background

Plaintiffs filed their Complaint in this case on August 16, 2018 [Doc. 1] and served Defendant on August 21, 2018.  Defendant has not yet filed an Answer.

### Factual Background

Several years ago, Defendant sold an oil drilling rig to ACT, who resold it to Venver.  In their Third Cause of Action, Plaintiffs have pleaded a cause of action for "Fraud, Deceipt [sic]" against Defendant.  The following is the entirety of Plaintiffs' allegations on the matter:

74.  Gefco represented to Venver and ACT that it could and would make and deliver a drilling rig able to provide 11,500 ft-lbs of torque at

14823_00/1802/NLK-3446558_1

160 RPM (350 hp) safely, under normal working conditions. This representation was untrue. When Gefco made the representation, it either knew it was false or made it recklessly without knowledge of its truth and as a positive assertion. Alternatively, Gefco made the representation as a positive assertion while having no reasonable ground for believing it to be true, OKLA. STAT. ANN. tit. 76 § 3, and/or in a manner not warranted by the information known to Gefco. OKLA. STAT. ANN. tit. 15 §58.

75. Gefco made the representation with the intention that ACT and Venver act on it by agreeing to purchase the promised rig, and by paying for it. ACT and Venver did act on the representation by, among other things, agreeing to purchase the promised rig and paying for it. Venver has suffered injury because of that reliance. 76 OKLA. STAT. ANN. tit. 76 § 2.[1]

## **Argument**

Plaintiffs' allegations of fraud are insufficient. Federal Rule of Civil Procedure 9(b) requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud …." In the Tenth Circuit, that means the complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1102 (N.D. Okla. 2003) (quoting *Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997)); *see also Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1041 (D. Colo. 2012) and *Skyline Potato Co. v. Tan-O-On Mktg., Inc.*, 879 F. Supp.

---

[1] Plaintiffs' Original Complaint, Doc. 1, at p. 11.

2d 1228, 1247 (D.N.M. 2012).

Plaintiff does apparently state with enough certainty the content of the statement it claims is allegedly fraudulent.  However, there is no allegation about the "time" or "place" of that statement.  Nor is the identity of the speaker alleged.  In this case, where Defendant is not a natural person, it is not enough to assert that "Gefco" simply made a representation. For example, was the representation in writing? Was it by an employee, and which one(s)? If so, did that employee have authority to bind Defendant? The Complaint includes no such specificity, and Defendant is therefore denied its ability to defend itself as required under the rules.

## Conclusion

Plaintiffs have failed to satisfy Rule 9(b)'s requirements in this case. As a result, they have failed to state a claim for fraud/deceit, and that claim must either be dismissed pursuant to Rule 12(b)(6) and 9(b); alternatively, Plaintiffs must provide a more definitive statement under Rule 12(e).  Defendant respectfully request that this Court grant its motion.

Respectfully,

/s/ Ronald R. Tracy_____
Carrie L. Palmer, OBA #15101
Ronald R. Tracy, OBA #17355
Erin J. Rooney, OBA #31207
RESOLUTION LEGAL GROUP
100 E. California, Suite 200
Oklahoma City, OK 73104
Tel. (405) 235-6500
Fax (758)758-4775
carrie@resolutionlegal.com
ron@resolutionlegal.com
erin@resolutionlegal.com

14823_00/1802/NLK-3446558_1

**OF COUNSEL FOR DEFENDANT:**

William R. Dearing
Tennessee State Bar No. 014293
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Tel: (423) 757-0249
Fax: (423) 508-1249

Pro hac vice admission to be requested


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2018, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.   Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Bradley A. Gungoll, OBA #3660
GUNGOLL, JACKSON, BOX, & DEVOLL, P.C.
101 Park Avenue, Suite 1400
Oklahoma City, OK 73102
gungoll@gungolljackson.com

W. Casey Gray, OBA #31379
GUNGOLL, JACKSON, BOX, & DEVOLL, P.C.
101 Park Avenue, Suite 1400
Oklahoma City, OK 73102
gray@gungolljackson.com

Reagan D. Pratt
PRATT & FLACK LLP
4306 Yoakum Blvd., Suite 500
Houston, TX 77006
rpratt@prattflack.com


/s/ Ronald R. Tracy_____
Ronald R. Tracy