## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VENVER, S.A. and ) <br>
AMERICAS COIL TUBING, LLC, ) <br>
     ) <br>
     Plaintiffs, ) <br>
     ) <br>
v. )     Case No. CIV-18-790-SLP <br>
     ) <br>
GEFCO, INC., ) <br>
     ) <br>
     Defendant. ) <br>

## **O R D E R**

Before the Court is Defendant's Motion to Adjust Briefing Schedule [Doc. No. 87], asking the Court to adjust the briefing schedule entered in relation to Plaintiffs' pending Motion to File Third Amended Complaint and Join Related Defendant [Doc. No. 81]. Plaintiffs have filed a Response [Doc. No. 90] and oppose the requested relief.

As Defendant points out in its separately filed Motion to Strike [Doc. No. 84], the Court's amended Scheduling Order [Doc. No. 76] inadvertently included a deadline for amendment of pleadings and joinder of additional parties. Defendant's request for extension applied only to "upcoming deadlines in the scheduling order[.]" *See* Def.'s Mot. [Doc. No. 74] filed January 7, 2020. At the time the extension of deadlines was requested, the deadline for amendment of pleadings and joinder of additional parties had long expired.[1]  Inclusion of such deadlines was a clerical error. The Court's Order granting the

---

[1] The Court previously granted Plaintiffs leave to file out of time a Second Amended Complaint, a request unopposed by Defendants and granted prior to amendment of the Scheduling Order. *See* Order [Doc. No. 71].

extension reflects the same, referencing the parties' request for a "150-day extension of all *remaining* deadlines."  *See* Order [Doc. No. 75] (emphasis added).[2]  Thus, Defendant's Motion to Strike raises a preliminary issue as to whether Plaintiffs have demonstrated good cause to untimely file a further amendment of the complaint to join an additional defendant. *See* Fed. R. Civ. P. 16(b)(4).  Under these circumstances, the Court finds that the briefing schedule set forth in the Court's Order [Doc. No. 83] should be stricken.

IT IS THEREFORE ORDERED as follows:

1)    Defendant's Motion to Adjust Briefing Schedule [Doc. No. 87] is GRANTED;

2)    the Court's Order [Doc. No. 83] is STRICKEN; and

3)    further briefing on Plaintiffs' Motion to Amend [Doc. No. 81] is stayed pending the Court's ruling on Defendant's Motion to Strike.[3]

---

[2] The form order used by this Court's chambers is a modified version of the Scheduling Order included in the Court's local rules.  *See* LCvR 16.1(a) and App. III.  The chambers' version contains pre-filled-in deadlines.  The deadlines for joinder of additional parties and motions to amend pleadings, *see* paragraphs 1 and 2, is defaulted to reflect a period of thirty days from the entry of the Scheduling Order.  It was an oversight of the Court to fail to remove the default thirty-day period for joinder or amendment as no such relief was requested nor had any showing been made to warrant such relief as to those *expired* deadlines.  Plaintiff Venver, S.A.'s argument to the contrary is disingenuous at best.  *See* Pl.'s Resp. to Defs' Mot. to Strike [Doc. No. 88] at 3.

[3] The Court underscores that it has not issued any ruling on Defendant's Motion to Strike (other than to clarify the clerical error as to paragraphs 1 and 2 of the amended Scheduling Order) and will address that Motion by separate order.

IT IS SO ORDERED this 11th day of February, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE