UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] VENVER S.A., and<br>[2] AMERICAS COIL TUBING LLC<br><br>Plaintiffs,<br><br>vs.<br><br>[1] GEFCO, INC.,<br>Defendant. | CIVIL ACTION NO. CIV-18-790-SLP<br><br>Jury Trial Demanded |

**PLAINTIFFS' MOTION TO CLARIFY PROTECTIVE ORDER**

Plaintiffs Venver S.A. and Americas Coil Tubing LLC (collectively "Venver") move for clarification of, or modifications to, the Agreed Protective Order (Doc. 36) governing the use of purportedly confidential materials exchanged in discovery in this litigation.

**Relief Requested**

Venver asks for entry of an order clarifying that the Agreed Protective Order allows any materials produced in discovery in this action to be used in Case No. CIV-20-647-SLP (the "*Astec* case") to the same extent they could be used here.

**Facts**

This is a breach of warranty and fraud case arising out of Gefco's sale of an irreparably defective drilling rig that was unable to deliver even half the power promised and was designed to catastrophically fail in short order when operated at its specified speed.

To facilitate discovery without repeat Court intervention, the parties agreed to the entry of a protective order to maintain the confidentiality of discovery materials that a party self-designates as "Confidential." (Doc. 36, §2(a)). The order grants leave for the parties to use any "Confidential" document "as an exhibit to any pleading, brief or other court filing," if filed under seal. (Doc. 36, §8). But it also says that parties may use protected material "solely for this litigation and may not use it for any other purpose, including other litigation or for any commercial or business purpose." (Doc. 36, §3(a)(ii)).

The order further provides that it "shall not prevent or prejudice any party from applying to the Court for relief from this Protective Order …." (Doc. 36, §12).

Long after filing this action, Venver learned that the subject rig had not actually been built by the company incorporated as Gefco, Inc. Rather, it had been built by an affiliated company that did business as "Gefco, Inc.," which was subsequently shuttered and absorbed by Gefco's sole shareholder, Astec Industries. In the *Astec* case, Venver asserts Astec Industries' liability for the same wrongs at issue in this case. The *Astec* case is pending in this court, assigned to the same judge as this case. Gefco's own lawyers have described it as "functionally identical" to this one. (Doc. 36 in the *Astec* case, p. 1).

Gefco nonetheless opposes Venver's use of designated "confidential" documents in the *Astec* case, even if filed under seal, asserting that such is not permitted by the protective order. It has filed a motion to "enforce" the order based on that position (Doc. 140). Gefco's motion does not, however, identify any relevant prejudice that it would suffer from such use.

Venver's response to that motion (Doc. 142) argues that the current language of the protective order can be and should be interpreted to allow use in the *Astec* case. Venver files this motion in case the Court decides that modification or separate clarification is required to achieve that result.

**Argument**

Discovery materials in this case should be usable in the *Astec* case because there is no legitimate reason to bar such use. In this circuit, modification of a protective order is generally required when it will make discovery more efficient in collateral litigation, absent a showing of prejudice by the opposing party. Even when modification would allow access to unrelated third parties, "where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (agreeing with the standard laid down in *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1298 (7th Cir.1980)).

Hence the Tenth Circuit requires the party *opposing* modification to show "tangible prejudice of substantial rights," and does not require the movant to pursue available but duplicative discovery elsewhere. A mere desire to limit the other parties' benefit of discovery does not count. "Defendants' desire to make it more burdensome for [parties] to pursue their collateral litigation is not legitimate prejudice." *Id.*

Under this standard, it is difficult to imagine a reason to deny modification of a protective order to allow the same plaintiff to use protected materials under the same

conditions in a suit against the sole shareholder of the defendant, which is represented by the same lawyers as the defendant, especially when the suit is pending in front of the same judge. Under those circumstances, there is not a single person who would gain access to the materials who did not already have access, and the chance of public disclosure is not changed at all. Accordingly, Venver expects Gefco to remain unable to identify any tangible prejudice of substantial rights that would flow from the requested clarification or modification of the protective order.

The court "clarified" an agreed protective order on this basis, under very similar circumstances, in *Principle Sols. LLC v. Feed.Ing B.V.*, 13-C-223, 2015 WL 113292 (E.D. Wis. Jan. 8, 2015). There, the defendant sought sanctions when the plaintiff used protected documents in a post-judgment fraudulent conveyance suit against parties related to the original defendant/judgment debtor. The court refused, reasoning:

> The protective order was designed to protect the privacy of information, not shield Principle from such a lawsuit. Furthermore, the confidentiality of the materials designated by Principle was preserved in the [second] action because [the plaintiff] filed the information under seal ....

*Id.* at *5. The court further modified the protective order to "clarify" that designated confidential information in the first case could be used in the second case to the same extent as in the first. *Id.*

A court likewise ordered such a modification of an agreed protective order in *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400 (S.D.N.Y. 2016). There the Plaintiff had filed two suits in the same district, against two unrelated

banks, making "very similar" allegations against each. *Id.* at 401. The banks were both represented by the same law firm. The Plaintiff sought sanctions when defense counsel used their knowledge of documents produced in the first suit to pursue document discovery in the second. *Id.*

The court found the movant's position "absurd." *Id.* at 406. Noting the "potential for unfair gamesmanship" that would flow from such an overly restrictive interpretation of the protective order, the court found that the movant's inability to identify any concrete prejudice flowing from the claimed violations suggested that its primary objective was simply to hamper discovery and "to drive up defendants' litigation costs." *Id.* at 403 & n.2. The court modified the protective order to expressly allow the use of discovery in all the related lawsuits, to "put an end to litigation sideshows like the instant sanctions application." *Id.* at 407. The court reasoned:

> Particularly where, as here, two lawsuits have been filed by the same plaintiff, in the same court, on the same legal theories, against two defendants who already share the same counsel, it is difficult to imagine what non-tactical objection Royal Park could have to the prospect of those defendants sharing discovery as well.

192 F. Supp. 3d at 406.

Similarly, Gefco has sought sanctions here when Venver has merely asked the Court to interpret its own order as allowing Venver to file documents under seal in the same court, in a case which Gefco's own lawyers describe as "essentially the same" as this one. Gefco has not identified any concrete prejudice—or even theoretical prejudice—that it would suffer from Venver's proposed interpretation of the order. As in *Royal Park*, that fact

strongly suggests that Gefco's primary objective is simply to hamper discovery of the truth and drive up Venver's litigation costs.

Accordingly, in an effort to put an end to such "litigation sideshows" in these cases, Venver asks the Court to clarify or modify its order to allow the use of documents produced under the protective order in this case to be used in the *Astec* case to the same extent as in this case.

## Conclusion

Therefore, Venver asks the Court to specify that the Agreed Protective Order in this action allows any materials produced in discovery in this action to be used in Case No. CIV-20-647-SLP (the "*Astec* case") to the same extent they could be used here, and to grant Venver all such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ *Reagan D. Pratt*

**Reagan D. Pratt** (admitted)
Texas Bar #00788218
Pratt & Flack LLP
4306 Yoakum Blvd., Suite 500
Houston, Texas 77006
Telephone: 713-936-2402
Facsimile: 713-481-0231
rpratt@prattflack.com

**Of counsel for Plaintiffs:**

**Bradley A. Gungoll** OBA#3660
**Eric C. Money** OBA#22654
Gungoll, Jackson, Box & Devoll, P.C.
101 Park Avenue, Suite 1400

Oklahoma City, OK 73102
(405) 272-4710 (Phone)
(405) 272-5141 (Facsimile)
gungoll@gungolljackson.com
money@gungolljackson.com

**Paul D. Flack**
Texas Bar #00786930
Admitted *pro hac vice*
Pratt & Flack LLP
4306 Yoakum Blvd., Suite 500
Houston, Texas 77006
Telephone: 713-936-2402
pflack@prattflack.com

**Byron C. Keeling**
Texas Bar #11157980
Admitted *pro hac vice*
Keeling & Downes, P.C.
4511 Yoakum Blvd., Suite 125
Houston, Texas 77006
Telephone: 832-214-9900
bck@keelingdownes.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record.

/s/ *Reagan D. Pratt*
Reagan D. Pratt