UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

[1] VENVER S.A., and
[2] AMERICAS COIL TUBING LLC

               Plaintiffs,

vs.

[1] GEFCO, INC.,
               Defendant.

CIVIL ACTION NO. CIV-18-790-SLP

Jury Trial Demanded

**PLAINTIFFS' MOTION TO
STRIKE GEFCO'S MOTION TO COMPEL
and
STAY PLAINTIFFS' RESPONSE DEADLINE**

Plaintiffs Venver S.A. and Americas Coil Tubing LLC ("Venver") move to strike Defendant Gefco's Motion to Compel (Doc. # 170) as untimely. Venver further asks the Court to stay Venver's deadline for substantively responding to Gefco's motion, pending its consideration of this motion to strike.

## SUMMARY

Nearly three years after discovery started in this case, and with final trial preparation deadlines already here, Gefco has filed a motion challenging 62 discovery responses made by Venver since the beginning of this case. Venver provided nearly half of those challenged responses by April 2020. The other half concern requests for 32 plainly irrelevant categories of documents that Gefco never sought until April 2021, over 27 months after discovery began. After receiving Venver's responses, Gefco waited another

five months to seek rulings on those responses.  If Gefco's motion were granted, Venver's compliance with the requests would almost certainly require a delay of trial.

A motion to compel can be denied for delay alone when a party "has failed to seek judicial relief for an unreasonably long period of time." *Butler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000).  Venver suggests that Gefco's delays are far from reasonable, and asks the Court to strike Gefco's motion in its entirety on that basis.

Venver further asks the Court to grant this relief on an expedited basis, before Venver is required to substantively respond, or to at least stay Venver's response deadline pending the Court's consideration of this motion.

### FACTS

This case concerns a defective drilling rig sold to Venver by Gefco.  The rig catastrophically failed in the summer of 2015, only ten weeks after finally reaching and starting its first job in southern Argentina.  After Gefco's two-year effort to cure the rig's defects proved ineffective, Venver filed this suit in August 2018.

Discovery has been underway since January 2019—nearly three years ago.  The original scheduling order called for discovery to be completed by April 3, 2020.

By August 2019 Gefco had served four sets of document requests on Plaintiffs (two to each), requesting 89 categories of documents.  In March 2020, Gefco served a fifth set, asking for another 7 specific categories of documents.  Plaintiffs promptly responded to all of those requests, objecting where appropriate but otherwise producing tens of thousands of responsive documents. (Doc. # 170-2, -3, -4, -6, -8).

Gefco also served three sets of interrogatories by March 2020, and Venver promptly responded to those as well.  (See Doc. # 170-5, -7).

Gefco raised no issue with any of Venver's discovery responses, however, until March 2021.  That was nearly two years after Venver had started responding to Gefco's requests, and nearly a year after the initial discovery deadline.    Even then, Gefco buried its complaints in 15 pages of single-space boilerplate correspondence.  (Doc. # 170-9, -10). When Venver did not promptly respond to the letter, Gefco did not follow up by any means—phone, email, or letter—for another three months, then sending only another epistle.  (Doc. # 170-12).

Meanwhile, on April 27, 2021—27 months after the start of discovery—Gefco served its **Fourth** request for documents to Venver, describing **44 more categories** of requested documents.  The requests were almost entirely on topics completely untethered to any pled issue.  Just as an obvious example, category 16 requested documents reflecting the serial numbers and certifications for a list of 27 items associated with the rig, ***none*** of which were items remotely related to any of the rig defects at issue.  The list includes items as frivolously unrelated as "fall protection harnesses," "fire extinguishers," and "first aid kits," even though no personal injuries or fires are alleged in this case, (Doc. 170-19, pp. 9-10 of 15).  That is one of the requests for which Gefco now asks the Court to compel production.

Although these 44 tardy requests seemed custom-designed for the sole purpose of causing delay in the adjudication of this case, Venver carefully considered each one.  It

even asked for and received an additional 15 days to do so, and then promptly responded (appropriately objecting to most of the requests) on June 11, 2021.

Gefco's counsel did not place a phone call to discuss any issue with *any* of Venver's discovery responses—including those served in early 2019—until September 15, 2021. The parties then had a two-hour phone conference on the objections and responses on September 20, 2021. Despite Gefco's plain waiver of its complaints through its delays, Venver served some amended and supplemental discovery responses a few days later to address the handful of arguably non-frivolous complaints Gefco had made. (Doc. # 170-17, -18, -19, -20, -21).

Gefco then waited another five weeks to file its motion to compel, not serving it until Friday, October 29, 2021. That was the last business day before Venver's expert disclosure deadline. Gefco waited those five weeks even though it had completed a draft of the motion by September 8 (Doc. # 170-14)—a week before it first attempted to confer by phone on any discovery response—and even though Venver had already advised Gefco that its prior delay constituted a waiver of its right to complain. (Doc. # 170-13).

Before it even filed the motion to compel, moreover, Gefco had claimed that it was a basis for delaying trial. Specifically, Gefco argued in its earlier "Motion to Amend Scheduling Order" that both depositions and trial should be delayed because "GEFCO will shortly be filing a motion to compel" and "resolution of that motion will likely take some time." (Doc. # 168), pp. 1, 8.

**ARGUMENT**

Any document issues in this case should have been resolved at least 17 months ago, and Gefco plainly waived any right to complain by failing to pursue its complaints diligently. Gefco's decision to belatedly raise complaints should not be rewarded with a further delay of trial, especially since its last-minute discovery complaints appear invented for that exact purpose.

Even if Gefco's discovery complaints had merit (they do not), a party cannot delay trial by simply waiting three years to make discovery requests and another several months to complain about the responses to both those and the discovery served two years earlier. A party aggrieved by discovery responses "has the obligation to bring a discovery issue to the Court's attention in a timely manner, or offer a good excuse for [its] failure to do so." *Aircraft Fueling Sys., Inc. v. Southwest Airlines Co.*, 08-CV-414-GK-FHM, 2011 WL 4915549, at *1 (N.D. Okla. Oct. 17, 2011); *Lobato v. Ford*, 2007 WL 3342598, at *7 (D. Colo. Nov. 9, 2007); *Butler*, 193 F.R.D. at 666 ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."); *accord DesRoisers v. Moran*, 949 F.2d 15, 22 (1st Cir.1991) (when a party knows well in advance of trial that requested but unproduced documents exist and then fails "to bring the matter of non-production to the court's attention" in a timely fashion, the discovery violation is deemed waived).

This court has held that even a six-week delay in filing a motion to compel can result in waiver of the right to complain. *Nortel Networks, Ltd. v SMC Electronics, LLC*, No. CIV-06-787-C, 2007 WL 1959281 (W.D. Okla. June 29, 2007).

Gefco has offered no excuse at all for its delay, much less a good one.  There is no conceivable excuse for the delay in complaining about the discovery responses served by April 2019.  And Gefco does not claim that any new information caused it to serve requests for another 44 categories of documents at the end of April 2021.  All of those requests should have been served at the beginning of 2019, if they truly sought any documents relevant to this case.  Even if the requests had been timely, there is no excuse for Gefco's 20-week delay in seeking rulings on Venver's objections.

Moreover, Gefco effectively confessed its dilatory intent when it argued that the motion to compel—which it still had yet to file at that point—was a reason to delay depositions and trial in this matter.  That tactic should not be countenanced.

### CONCLUSION

Accordingly, Venver asks the Court to strike Gefco's motion to compel and, pending its ruling on whether to strike the motion, to stay the deadline for Venver's response.

Respectfully submitted,

  /s/ *Reagan D. Pratt*
**Reagan D. Pratt** (admitted)
Texas Bar #00788218
Pratt & Flack LLP
4306 Yoakum Blvd., Suite 500
Houston, Texas 77006
Telephone:  713-936-2402
Facsimile:  713-481-0231
rpratt@prattflack.com

**Of counsel for Plaintiffs:**

**Bradley A. Gungoll** OBA#3660
**Eric C. Money** OBA#22654
Gungoll, Jackson, Box & Devoll, P.C.
101 Park Avenue, Suite 1400
Oklahoma City, OK 73102
(405) 272-4710 (Phone)
(405) 272-5141 (Facsimile)
gungoll@gungolljackson.com
money@gungolljackson.com

**Paul D. Flack**
Texas Bar #00786930
Admitted *pro hac vice*
Pratt & Flack LLP
4306 Yoakum Blvd., Suite 500
Houston, Texas 77006
Telephone:  713-936-2402
pflack@prattflack.com

**Byron C. Keeling**
Texas Bar #11157980
Admitted *pro hac vice*
Keeling & Downes, P.C.
4511 Yoakum Blvd., Suite 125
Houston, Texas 77006
Telephone:  832-214-9900
bck@keelingdownes.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record.

/s/ *Reagan D. Pratt*
Reagan D. Pratt