IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VENVER, S.A. and <br> AMERICAS COIL TUBING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GEFCO, INC. and <br> ASTEC INDUSTRIES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-18-790-SLP <br> ) <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

Before the Court is Defendant GEFCO'S Motion to Compel and Brief in Support [Doc. No. 170]. The parties have filed a Joint Notice [Doc. No. 279] as previously directed by the Court. *See* Order [Doc. No. 271]. As set forth in the Joint Notice, a single discovery request remains at issue. Before proceeding to that issue, the Court commends the parties for demonstrating their ability to work diligently and cooperatively to resolve the multiple disputes that were the subject of the Motion to Compel and, in particular, those disputes addressed at the hearing on March 21, 2023.

The sole remaining discovery request is GEFCO's First Interrogatories to Venver [Doc. No. 170-17], Interrogatory No. 2, which reads as follows:

> State all express warranties which you contend GEFCO has breached, including (a) the precise express warranty violated; (b) if written, the document containing the warranty, or if oral, the person who made the statement and approximate date the statement was made; (c) all events, occurrences, or conditions which constitute a breach of that express warranty; and (d) whether Venver has received any remedy for the breach of that warranty.

*Id*.

Venver has previously responded to Interrogatory No. 2. *See* Venver S.A.'s Second Amended Answers and Objections to GEFCO Inc.'s First Set of Interrogatories [Doc. No. 170-17] (Venver's Answers). But GEFCO contends the response is insufficient. GEFCO argues that Venver has failed to "fully" answer the interrogatory in two ways: "(1) by asserting the rig in question had alleged defects which Venver will not specifically identify; and (2) by failing to identify the alleged defects that were remedied." Joint Notice at 7.[1] As to the latter, GEFCO argues that Venver has put "remedied defects" at issue in this case and that Venver should be ordered to identify any remedied defects. *Id*. at 8-9.

## Identifying Defects

With respect to identifying defects, in the Joint Notice GEFCO sets forth only a portion of Venver's prior Answer as follows:

> (11) Gefco delivered a rig with numerous other defects and failures to conform to the terms of the parties' agreements, as described in the hundreds of communications between the parties. Those communications have been produced. A summary of a sample of those records has been produced with bates labels Venver000077447 to Venver 000077451.
>
> To the extent this interrogatory asks Venver to list every defect of the rig Gefco delivered to Venver, Venver objects to it as overbroad and unduly burdensome because the list of defects in the rig Gefco delivered is so long between the parties. See, e.g., GEFCO-000018559 (listing 30 issues), GEFCO-000014986, GEFCO-000014987, GEFCO-000000492, VENVER 00000-3305, VENVER-000004451, GEFCO -000018717-18, GEFCO-000000932, GEFCO-000011577-78. Copies of these communications have been

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

> produced and are incorporated by reference. Some of those defects were eventually remedied and are not directly the basis of Venver's claim. They contributed, however, to Venver's and its client's lack of confidence in the rig. Venver has not received any remedy for its investments and opportunities lost due to Gefco's failure to deliver a marketable rig that conformed to the terms of the parties' agreements.

*See* Joint Notice at 7-8 (quoting Venver's Answers, Answer to Interrogatory No. 2). GEFCO omits the substantial and detailed list of defects provided by Plaintiff. *See* Venver's Answers at 14-17, Answer to Interrogatory No. 2.

GEFCO argues that Venver's overbreadth and undue burden arguments are "undeveloped boilerplate that should be overruled." Joint Notice at 8. To counter, Plaintiff contends its response is comprehensive. Plaintiff attaches to the Joint Notice its complete Answer to Interrogatory No. 2 which includes a thorough list of 10 express warranties alleged to have been breached; a separate list of 51 alleged defects and the corresponding document production supporting those alleged defects; and email correspondence identifying additional defects.

Having reviewed the record, the Court finds Plaintiff's Answer is, indeed, "comprehensive." GEFCO's argument that Plaintiff has failed to specifically identify alleged defects is, to put it bluntly, rather incredulous. To the contrary, Plaintiff has provided extensive lists, and referenced extensive documentation to identify those

defects. It is wholly unclear what more GEFCO wants.[2] The Court, therefore, DENIES GEFCO's Motion to Compel as to this issue.

### **Remedied Defects**

With respect to "remedied defects," Plaintiff previously responded that some of the defects at issue "were eventually remedied, and are not directly the basis of Venver's claim." *See* Venver's Answers at 18, Answer to Interrogatory No. 2. Plaintiff additionally responded that the defects "contributed" to "Venver's and its clients' lack of confidence in the rig" and that "Venver has not received any remedy for its investments and opportunities lost due to Gefco's failure to deliver a marketable rig that conformed to the parties' agreements." *Id*.

Further, in a subsequent interrogatory, not at issue, GEFCO asked as follows:

> As to any express warranty breaches you describe in Interrogatory No. 2 above, explain the basis for your contention that Venver has received no remedy for that breach.

*Id*., Interrogatory No. 3.

In response, Venver stated:

> To the extent that Venver asserts it has received no remedy for breaches described above, the basis for Venver's assertion is that it has received no remedy for that breach. Most significantly, Gefco never provided a top drive that could deliver 11,500 ft-lbs of torque at 160 rpm, never replaced the defective gear rack, and never compensated Venver for its lost income and lost investment in the rig and its associated equipment.
>
> Moreover, to the extent Gefco has provided remedies for the various warranty breaches, the remedies have been ineffective to cure the

---

[2] To this end, should additional defects become known, Venver is subject to the supplementation requirements of Rule 26 and should Venver fail to provide such supplementation, recourse is available to GEFCO through Rule 37.

cumulative effect of the rig's defects. The value of the VR-500 rig to Venver, its clients, or any other reasonable buyer has been destroyed by the cumulative effect of the rig's multiple defects, Gefco's failure to timely cure those defects, Gefco's failure to have any plan for timely curing the top drive's defects when they were discovered, Gefco's inability to deliver a tested top drive conforming to the contract, Gefco's failure to timely attempt cures, Gefco's failure to timely respond to Venver's requests for information and assurances about proposed cures, and Gefco's concealment of major defects. The cumulative effect of these defects and Gefco's failures to cure them has been to make the rig an instrument whose integrity and reputation is substantially impaired and whose operation is fraught with apprehension, making its defective condition incurable.

*Id.*, Answer to Interrogatory No. 3.

GEFCO contends that Venver has put remedied defects at issue by asserting that remedied defects "contributed . . . to Venver's and its clients' lack of confidence in the rig." Joint Notice at 8. And GEFCO points to Venver's response to GEFCO's motion for summary judgment, in which Venver has argued that "remedied defects underpin their claim for revocation of acceptance." *Id.* (citing Pl.'s Resp. [Doc. No. 227] at 43-45).

With respect to "remedied defects," the Court finds Venver's interrogatory answer to be somewhat vague and, therefore, insufficient. GEFCO has argued in its motion for summary judgment that "the DC motor failure is not a breach of express warranty, since it has been remedied." GEFCO's Mot. for Summary Jdt. [Doc. No. 214] at 34-36. GEFCO has further argued that "Plaintiff cannot show a breach [of warranty] as to the failure of the carriage bearings." *Id*. at 36.

In response to GEFCO's summary judgment motion, Plaintiff argues that "dozens of defects" exist in addition to the "defects that caused the DC motor failures and Gefco's

failure to pack the carriage bearings and supply lines with grease." Pl.'s Resp. [Doc. No. 227] at 44. Plaintiff has further argued that "the jury will be entitled to consider the entire collection of defects when determining whether the rig had noncomformities that substantially impaired its value to Venver." *Id*. at 44-45.

The parties' respective arguments are made from different angles. The Court appreciates that Venver asserts collective failures have impaired the rig's value as evidenced by its summary judgment briefing and its Answers to Interrogatories Nos. 2 and 3. But the Court agrees with GEFCO that to the extent any individual defects were remedied, GEFCO is entitled to that information. How or to what extent those "remedied defects" have impacted the overall value of the rig involves factual and legal matters to be addressed elsewhere. Those matters, however, do not prevent discovery of the information sought.

IT IS THEREFORE ORDERED that Defendant GEFCO'S Motion to Compel and Brief in Support [Doc. No. 170] is DENIED as MOOT as to all issues previously resolved by the parties.

IT IS FURTHER ORDERED that as to the sole remaining discovery request -- GEFCO's First Interrogatories to Venver [Doc. No. 170-17], First Interrogatory to Venver, No. 2, Defendant GEFCO's Motion is DENIED IN PART AND GRANTED IN PART. The Motion is DENIED with respect to Plaintiff's alleged failure to specifically identify alleged defects in the VR-500 rig. The Motion is GRANTED with respect to Plaintiff's failure to identify "remedied defects." Plaintiff is directed, within thirty days

of the date of this Order, to supplement its Answer to Interrogatory No. 2 and identify those defects, if any, that were remedied.

    IT IS SO ORDERED this 1st day of June, 2023.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE